UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY RAY, in his capacity as Collier
County Tax Collector, on behalf of
Collier County, Florida

    Plaintiff,

v.                                    Case No: 2:18-cv-130-FtM-38MRM

AIRBNB, INC. and AIRBNB
PAYMENTS, INC.,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff Larry Ray's Motion to Remand (Doc. 21) filed on March 28, 2018. Defendants AirBnB, Inc. and AirBnB Payments, Inc. (collectively "AirBnB") responded on April 11, 2018. (Doc. 23). The matter is now ripe for review.

## BACKGROUND

The issue here is whether the Court has subject matter jurisdiction. Ray is the tax collector for Collier County, Florida. (Doc. 2 at ¶ 7). AirBnB consists of two foreign corporations that operate a website allowing consumers to search for and reserve short-

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

term rentals in Collier County. (Doc. 2 at ¶¶ 10-11, 50). To do so, a consumer generally contacts a property owner through the AirBnB website, makes a reservation, and pays AirBnB. (Doc. 2 at ¶ 51). Ray alleges AirBnB's activities subject it to Collier County's Tourist Development Tax (the "TDT"), which levies a fee on entities that rent living quarters in Collier County. (Doc. 2 at ¶¶ 43, 57-8). Ray alleges AirBnB does not comply with the TDT because it has paid no such taxes. (Doc. 2 at ¶ 59).

Based on these facts, Ray sued AirBnB in state court. (Doc. 1 at ¶ 1). He then filed a First Amended Complaint seeking a declaratory judgment that AirBnB's activities subject it to the TDT. (Doc. 2 at ¶¶ 67-71). Along the same lines, the First Amended Complaint seeks "an Order requiring [AirBnB] . . . to submit to an audit of their books and records" and "declaring that [the] TDT is due on the amounts collected by [AirBnB] for the short-term rental of [t]ransient [a]ccomodations in Collier County." (Doc. 2 at 12 (f), (j)). Finally, it seeks to enjoin AirBnB from "engaging in activities contrary to the requirements of the" TDT. (Doc. 20 at ¶¶ 74). The First Amended Complaint pleads no amount in controversy.

AirBnB then removed the case to this Court, arguing the requirements for diversity jurisdiction were satisfied because the parties were diverse, and the damages requested in the First Amended Complaint exceed $75,000.00. (Doc. 1). This is the case, AirBnB contends, because the First Amended Complaint seeks an order requiring it to pay the TDT for past and future rentals. (Doc. 1 at ¶¶ 25-26). Though AirBnB admitted future rentals could not satisfy the amount in controversy threshold, it claimed that assessing the TDT on past rentals would result in damages exceeding $75,000.00. (Doc. 1 at ¶¶

2

26-27). Now, Ray argues remand is proper because AirBnB has not shown that the Court has subject matter jurisdiction.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In general, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.* "Under 28 U.S.C. § 1441, a case filed in state court can be removed to federal court if the district court has original jurisdiction, which exists if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332." *Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Florida, Inc.*, 258 F. Supp. 3d 1323, 1326 (S.D. Fla. 2017). Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and the dispute exists between citizens of different states. 28 U.S.C. § 1331(a)(1).

"[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (internal punctuation omitted). This tracks with the standard set out in Federal Rule of Civil Procedure 8(a). *Id.* When a party invokes federal-court jurisdiction, uncontested jurisdictional allegations are accepted. *Id.* But with a contested removal, a defendant must prove, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

3

**DISCUSSION**

Ray argues this case should be remanded because the amount in controversy threshold for diversity jurisdiction has not been met. In support, he contends that the First Amended Complaint does not plead specific damages or seek reimbursement for taxes owed by AirBnB for past activities. He also argues any prospective damages that would flow from declaratory and injunctive relief would be too speculative to satisfy the amount in controversy requirement. AirBnB opposes these arguments. It contends the amount in controversy threshold is satisfied because the object is to impose tax liabilities on AirBnB for past rentals that allegedly amount to more than $75,000.00, and future tax liabilities for prospective rentals. AirBnB's argument fails.

The Eleventh Circuit has been clear that "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "In other words, the value of the requested . . . relief is the monetary value of the benefit that would flow to the plaintiff if the [relief] were granted." *Id.* With that in mind, the propriety of the Court's subject matter jurisdiction here turns on the object of the litigation. If, as AirBnB argues, the First Amended Complaint asks the Court to declare Collier County is entitled to reimbursement for AirBnB's *past* rentals, the benefits flowing from such relief would allegedly exceed the amount in controversy threshold. On the other hand, if, as Ray contends, the First Amended Complaint only seeks entitlement to reimbursement for AirBnB's future rentals, the benefits would be too speculative and immeasurable to satisfy the amount in controversy requirement. See *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 222 (11th Cir. 1997)

(finding that where relief is "too speculative and immeasurable" it cannot satisfy the amount in controversy requirement)*.*

The plain language of the First Amended Complaint does not solve this problem. AirBnB argues that the First Amended Complaint's request for a declaratory judgment finding the TDT "is due on the amounts collected by [AirBnB]," is proof that Ray will seek past tax obligations if the relief is granted. (Doc. 2 at 12 (f)). But that argument does not carry because the clause is not sufficiently specific to indicate whether the relief requested concerns only the future, or the past *and* the future. Both constructions make logical sense.

Similarly, AirBnB argues that the First Amended Complaint's request for declaratory judgment requiring it to "submit to an audit of their books and records relating to the short term rental of [t]ransient [a]ccomodations in Collier County" is proof the object of the litigation is to pursue past tax liabilities. (Doc. 2 at 12-13 (j)). AirBnB supports this argument by noting Ray declined to stipulate to removal in return for an agreement to waive the right to hold AirBnB liable for allegedly unpaid past taxes. But this argument fails because there is no plausible tie between AirBnB's rejected offer and the audit. For one thing, Ray is under no obligation to surrender rights to seek reimbursement for alleged wrongs in the future simply to gain a stipulation at the current juncture. For another, given the wide universe of reasons for which Ray could seek the audit, it would be untenably speculative to assume the purpose of the request is to pursue AirBnB's past tax liabilites. This is doubly true given Ray's specific denial of any intention to do so in this lawsuit.

Because of these findings, the Court finds the terms of the First Amended Complaint to be ambiguous. In such cases, the Eleventh Circuit has found that "all doubts about the propriety of removal should be resolved in favor of remand." *King v. Gov't Employees Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014). The Court will not break step with that binding directive here. Because AirBnB has failed to satisfy its burden to establish the existence of subject matter jurisdiction by a preponderance of the evidence, this case will be remanded to state court. *See id.*

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 21) is **GRANTED**.

2. The Clerk is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further directed to terminate all deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record